UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

JAN VAN DUSEN,

          Plaintiff,

   v.

CITY OF OAKLAND, et al.,

          Defendants.

No. C 13-05023 LB

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION FOR ADDITIONAL TIME**

[Re: ECF No. 14]

On October 28, 2013, Jan Van Dusen, who is proceeding *pro se*, filed a complaint against 51 separate defendants. Since then, the court has granted her motion to proceed *in forma pauperis*, ordered the U.S. Marshal to serve those defendants, and reminded Ms. Van Dusen of her need to provide the Clerk of the Court with addresses for those defendants and of the requirement that they be served within 120 days of her filing the complaint. *See* Fed. R. Civ. P. 4(m). On January 30, 2014, Ms. Van Dusen filed an ex parte motion to file a First Amended Complaint. Motion, ECF No. 13. She said that allowing her to do so would allow her to better state her claims against certain defendants. On February 10, 2014, the court granted her motion and gave her leave to file a First Amended Complaint by February 24, 2014. 2/10/2014 Order, ECF No. 14. She did not do so. Thus, on March 7, 2014, the court ordered Ms. Van Dusen to show cause by March 14, 2014 why the case should not be dismissed for her failure to prosecute it. *See* 3/7/2014 Order, ECF No. 15.

Also on March 7, 2014, presumably without yet seeing the court's order to show cause, Ms. Van Dusen filed an *ex parte* request for additional time to file an amended complaint. *See* Motion, ECF

1  No. 14. She explains the delay and asks for additional time to file her amended complaint. *See id.*

2  In these circumstances, the court discharges the order to show cause, finds good cause for the additional time, and gives Ms. Van Dusen until **March 14, 2014** to file her amended complaint. As explained in its order to show cause, failure to do so may result in dismissal of the case without prejudice for failure to prosecute. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (court may dismiss an action based on a party's failure to prosecute an action); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (setting forth five non-exhaustive factors for the court to consider).

**IT IS SO ORDERED.**

Dated: March 10, 2014

_____
LAUREL BEELER
United States Magistrate Judge