UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN VAN DUSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 13-cv-05023-VC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Doc. Nos. 138, 139 |

Van Dusen's complaint is dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008). Van Dusen alleges a widespread conspiracy by the City of Oakland, the County of Alameda, numerous non-profit organizations, and other individuals to unlawfully remove her cats from her home and maliciously prosecute her for a felony. She claims the defendants, to effectuate this goal, undertook a campaign of defamation, intimidation, and threats; falsified "crime reports" and a warrant; and ultimately unlawfully searched her home and seized her animals.

However, after filing this federal case, Van Dusen was tried and convicted of animal cruelty under California Penal Code § 597(b), and sentenced to five years felony probation, based on evidence recovered during the search and seizure. *See People v. Van Dusen*, Alameda County Superior Court Case #169934. The allegations in this case arise from the same set of facts as, and are inconsistent with, her conviction. Judgment in favor of Van Dusen would require finding the search and seizure were unlawful and there was no legal basis for charging her with a crime. Such findings would "necessarily imply the invalidity of her conviction," and therefore, under *Heck* and *Yount*, the claims must be dismissed. *Heck*, 512 U.S. at 487; *see Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("[I]f a criminal conviction arising out of the same facts stands and is

fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."); *Brown v. County of Los Angeles*, 229 Cal.App.4th 320, 322 (Cal. Ct. App. 2014) ("[T]he established rule [is] that civil actions may not be used to challenge the validity of outstanding criminal judgments." (quotation omitted)).  The claims are dismissed without prejudice to refiling in the event her state conviction is invalidated.  Her request to stay the claims is denied.

Van Dusen also seeks leave to amend her complaint.  To the extent she is able to assert claims not barred by *Heck* or *Yount*, Van Dusen is permitted one final opportunity to amend the complaint to assert only such claims.  Van Dusen may file an amended complaint within 21 days of the date of this Order, and the defendants will have 21 days to answer or to otherwise respond.  If the defendants bring a motion to dismiss, they are not limited to arguing that the claims are barred by *Heck* or *Yount*.  They may bring the motion on any available ground.  The defendants are encouraged to file consolidated motions, rather than separate ones, to the extent practical.  No discovery will be permitted while any motion to dismiss is pending.

**IT IS SO ORDERED**.

Dated: October 24, 2014

_____
VINCE CHHABRIA
United States District Judge

2