UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN VAN DUSEN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 13-cv-05023-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 170, 171, 172, 174, 176, 179, 182, 183, 185, 188, 190, 191, 193, 194, 195, 196, 197 |

Defendants move to dismiss Plaintiff Jan Van Dusen's Second Amended Complaint. Defendants primarily argue that all of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Yount v. City of Sacramento*, 43 Cal. 4th 885 (2008). The Court agrees with Defendant's argument that *Heck* mandates dismissal of Plaintiff's federal claims. For that reason and others explained below, the Court GRANTS the motions to dismiss without leave to amend.

**I. BACKGROUND**

    **A. The State Court Proceeding**

On July 25, 2014, Plaintiff was convicted of animal cruelty under California Penal Code Section 597(b). *See* Dkt. 136. The conviction was based on evidence recovered during the search of Plaintiff's home and the seizure of her animals pursuant to a search warrant executed by the Oakland Police Department and Oakland Animal Services in October 2011. *See* Dkt. 198, Ex. C.[1]

---

[1] Defendants request that the Court take judicial notice of several adjudicative facts based on documents related to and filed in Plaintiff's state criminal proceeding, including the search warrant, trial transcript, exhibit list, sentencing hearing transcript, and Plaintiff's motion to suppress. *See* Dkt. 198, Exs. A-D; Dkt. 173, Exs. A-D. Plaintiff does not oppose Defendants' request. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citations omitted). The Court finds that Plaintiff's state criminal proceeding

During the course of the criminal proceeding, Plaintiff filed a Motion to Suppress Evidence to challenge the validity of the search warrant, in part because she contended that there was no probable cause. *See* Dkt. 173, Ex. A. In her motion, Plaintiff described the alleged conspiracy that forms the basis of her Section 1983 claims in the SAC. *Id.* The motion was denied. *See id.* Ex. B.

### B.   The Federal Court Proceeding

Plaintiff filed her initial complaint on October 28, 2013 and her First Amended Complaint ("FAC") on March 15, 2014, alleging a broad conspiracy among public officials, police officers, prosecutors, and non-profit organizations to implement a gossip campaign and conduct an unlawful search of her home and seizure of her cats. Plaintiff brought suit against a large number of defendants, including the City of Oakland and its officials at the Oakland Police Department, Oakland Animal Services, and the Oakland City Attorney; the County of Alameda and its prosecutors; various non-profit organizations and their individual employees (collectively, "Non-Profit Defendants"); and other individuals.

On October 24, 2014, the Court issued an Order dismissing the FAC under *Heck* and *Yount* because "[j]udgment in favor of Van Dusen would require finding the search and seizure were unlawful and there was no legal basis for charging her with a crime," which would "necessarily imply the invalidity of her conviction." Dkt. 160. The Court granted Plaintiff "one final opportunity" to amend her Complaint "[t]o the extent she is able to assert claims not barred by *Heck* or *Yount*," and denied Plaintiff's request for a stay. *Id.*

On November 14, 2014, Plaintiff filed her Second Amended Complaint ("SAC") pursuant to the Court's Order. Dkt. 162. The SAC names the same defendants as the FAC and contains an identical 102-paragraph "Statement of Facts." The FAC and the SAC allege identical California state law causes of action. The SAC includes the same four Section 1983 causes of action that are alleged in the FAC. The only apparent difference between the SAC and the FAC is the inclusion of three additional Section 1983 causes of action based specifically on 1) "Illegal Seizure" (First

---

is directly related to the *Heck* analysis and therefore grants Defendants' request.

2

Cause of Action); 2) "Unreasonable Search and Seizure" (Second Cause of Action); and 3) "Abuse of Authority" during the twenty-month time period leading up to and including the October 2011 seizure of Plaintiff's animals (Fourth Cause of Action). The remaining causes of action replicate those included in the FAC: Section 1983 - "Abuse of Authority," October 2011-Trial; Section 1983, March 2010-Trial, against City of Oakland; Section 1983, March 2010-Trial, against individual police officers; Section 1983, against County of Alameda; Malicious Prosecution; California Civil Code § 52.1; California Civil Code § 51.7; Negligent Supervision; and Negligence.

Defendants collectively filed ten motions to dismiss the SAC in early December 2014.[2] Defendants primarily argue that Plaintiff's claims are barred by *Heck v. Humphrey* and *Yount v. City of Sacramento*. In the alternative, Defendants argue that Plaintiff's claims must be dismissed for a variety of other reasons. Plaintiff filed her Opposition on January 30, 2015 and an Amended Opposition on February 2, 2015.[3] The Court heard arguments on April 2, 2015.

## II.   DISCUSSION

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

---

[2] Defendants also filed seven motions to strike the SAC, in whole or in part. Because the Court finds that the SAC must be dismissed in its entirety, the motions to strike are DENIED AS MOOT.

[3] In conjunction with her Oppositions, Plaintiff requested that the Court take judicial notice of several documents she filed in her state criminal proceeding. *See* Dkt. 208. For the reasons stated above in connection with Defendants' request for judicial notice, the Court grants Plaintiff's request. However, the Court notes that the emails and other evidentiary documents attached to Plaintiff's state court filings are relevant to the *Heck* analysis only to the extent they demonstrate what evidence and legal argument have already been considered and ruled upon by the state court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 & n.6 (9th Cir. 2006) (taking judicial notice of written briefs and hearing transcript from related proceeding in order "[t]o determine what issues were actually litigated" in context of issue preclusion analysis). Thus, the Court considers the documents only for that purpose.

3

has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

### B. Section 1983 Claims

As an initial matter, the Court observes that the SAC is materially unchanged from the FAC. Therefore, Plaintiff has not complied with this Court's October 24, 2014 Order requiring her to "assert claims not barred by *Heck* or *Yount*." The "Statement of Facts" is identical in both documents, and the superficially new causes of action in the SAC do nothing more than repackage and repeat those allegations that form the basis of the Section 1983 causes of action asserted in the FAC. Nor does Plaintiff offer any new legal arguments as to why *Heck* and *Yount* do not bar her claims in full. Plaintiff has not articulated any reason why the analysis underlying this Court's October 24, 2014 Order should change. However, for the sake of clarity, the Court details below the several reasons why Plaintiff's Section 1983 claims must be dismissed.

#### 1. Plaintiff's Section 1983 Claims Are Barred By *Heck*

In *Heck v. Humphrey*, the Supreme Court considered a Section 1983 claim brought by a plaintiff who was simultaneously pursuing an appeal in state court of his conviction for voluntary manslaughter. 512 U.S. at 478. In federal court, the plaintiff sought damages resulting from the allegedly "unlawful, unreasonable, and arbitrary investigation" conducted by state officials leading to his arrest, and the destruction and manipulation of evidence during the state criminal proceeding by those same officials. *Id.* at 479. In affirming the dismissal of the plaintiff's Section 1983 claims, the Supreme Court held that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* The Court directed district courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

4

1  conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can
2  demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.
3      While "the Supreme Court left open the question whether *Heck*'s bar applies to Fourth
4  Amendment violations," the Ninth Circuit has since "answered that question in the affirmative."
5  *Whitaker v. Garcetti*, 486 F.3d 572, 583 (9th Cir. 2007). In *Harvey v. Waldron*, the Ninth Circuit
6  held that Section 1983 claims that allege "illegal search and seizure of evidence upon which
7  criminal charges are based" must be dismissed under *Heck*. 210 F.3d 1008, 1015 (9th Cir. 2000).
8  (affirming dismissal of plaintiff's Section 1983 claims seeking damages related to an allegedly
9  unlawful search and seizure because the seized gaming devices formed the evidentiary basis of
10 plaintiff's state criminal conviction for illegal possession of gaming devices); *see also Whitaker*,
11 486 F.3d at 584 ("[Plaintiffs] claim that Defendants committed judicial deception to obtain the
12 wiretap warrants and then impermissibly hid the existence of, and evidence produced by, those
13 wiretaps—evidence that triggered the police investigations and state prosecutions against them. In
14 other words, they challenge the search and seizure of the evidence upon which their criminal
15 charges and convictions were based. *Heck* and *Harvey* bar such a collateral attack through the
16 vehicle of a civil suit.").
17     The Eastern District of Pennsylvania and the Third Circuit have found that *Heck* bars
18 Section 1983 claims based on facts analogous to those here. In *Blank v. Pennsylvania Society for*
19 *the Prevention of Cruelty to Animals*, the plaintiff alleged that "defendants engaged in a
20 conspiracy falsely to accuse and convict [plaintiff] under Pennsylvania law of animal cruelty in
21 relation to his licensed dog kennel." No. 10-3222, 2010 WL 3927590, at *1 (E.D. Pa. Oct. 5,
22 2010). The *Blank* Plaintiff brought various causes of action under Section 1983 alleging a civil
23 rights conspiracy, unconstitutional search and seizure, and failure to supervise. *Id.* at *2. The
24 Third Circuit affirmed the district court's holding that the claims were barred by *Heck*, concluding
25 that

> [Plaintiff's] federal claims are contingent on the proposition that
> genuine evidence of the crimes to which he pled guilty did not exist
> and that no investigation or charges would have been brought
> against him but for a deliberate conspiracy carried out by the
> Defendants. Accordingly, [Plaintiff's] claims are irreconcilable with

26
27
28

>his guilty plea, and if successful, they would necessarily imply the invalidity of his convictions.

434 Fed. Appx. 147, 148-49 (3rd Cir. 2011).

In the case at hand, Plaintiff brings seven causes of action under Section 1983, all of which seek damages stemming from an alleged widespread conspiracy by the City of Oakland, the County of Alameda, numerous non-profit organizations, and other individuals to unlawfully remove her cats from her home and maliciously prosecute her for a felony. The Court finds that all of the Section 1983 claims alleged in the SAC constitute impermissible collateral attacks on Plaintiff's conviction for animal cruelty. It is telling that much of the substance of Plaintiff's Opposition is devoted to arguing that the October 2011 seizure of her animals, and the investigation leading up to it, were illegal—exactly what *Heck* dictates may not be relitigated in federal court. *See* Dkt. 209 at 4:11-19; 9:1:15; 13:1-12; 14:19-24; 15:18-17:8; 19:1-17. Plaintiff's Section 1983 claims are all premised on the unlawfulness of the search of her home and seizure of her animals. That allegedly unlawful search and seizure produced the "evidence upon which criminal charges [were] based." *Harvey*, 210 F.3d at 1015; *see* Dkt. 198, Ex. C. Under Ninth Circuit precedent, these claims are therefore barred by *Heck*. *See Harvey*, 210 F.3d at 1015. Furthermore, the reasonableness of the search and seizure has already been litigated in state court pursuant to Plaintiff's motion to suppress evidence, and the issue was resolved in Defendants' favor. *See* Dkt. 173, Exs. A & B. Indeed, that motion contained arguments directed not only to the unlawfulness of the seizure itself but also to the alleged conspiratorial actions that took place during the 20 months leading up to the seizure. *Id.* Under *Heck*, this Court must dismiss all of Plaintiff's Section 1983 claims.

Plaintiff argues that her "claims for actions taken against her before [the search and seizure] should have no bearing on her conviction," and therefore are not barred by *Heck*. Dkt. 209 at 3. But even Plaintiff's claims based on activity occurring before the October 2011 seizure are premised on the allegation that Plaintiff was acting lawfully. *See* SAC ¶¶ 86-89 (alleging that Defendants knew there "was no legal basis" to bring charges against her during the course of the alleged harassment campaign). Furthermore, it is unclear what damages Plaintiff suffered as a result of pre-October 2011 activity, apart from damages arising from the allegedly unlawful search

6

and seizure. If she did suffer any damages independent of the search and seizure, her claims seeking such damages are time-barred. *See* Section II.B.2 below.

Plaintiff further argues that "[t]he Supreme Court suggests abstention rather than dismissal when a federal civil rights lawsuit is brought during the pendency of a criminal trial or appeal." Dkt. 209 at 2. Plaintiff cites to a footnote in the *Heck* opinion noting that "abstention may be an appropriate response" in such a situation. *Heck*, 512 U.S. at 487 n.8. This footnote does not mandate abstention, and the Court finds that dismissal—which is the approach actually taken in *Heck*, *see* 512 U.S. at 490—is the more appropriate course of action here. If—and only if—Plaintiff's state conviction is eventually overturned, she may renew her Section 1983 claims to the extent they are not otherwise barred for the reasons discussed below.

### 2. Plaintiff's Section 1983 Claims Based On Conduct Before October 27, 2011 Are Time-Barred

A federal claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Since Section 1983 does not on its face contain a limitations period, federal courts "look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is two years. Cal. Code Civ. Proc. § 335.1.

The search and seizure of Plaintiff's home occurred on October 27, 2011. SAC ¶ 161. Plaintiff filed her initial Complaint on October 28, 2013. Dkt. 1. Because of the two-year limitations period on Section 1983 claims, the Court finds that Plaintiff's claims based on injuries sustained prior to October 27, 2011 must be dismissed. For example, Plaintiff alleges that, beginning in March 2010, Defendant Webb "regularly harassed Plaintiff by telephoning and demanding to inspect Plaintiff's home," and "continued her harassment and threats for the next 12 to 15 months." SAC ¶¶ 97-98. Plaintiff thus had reason to know of any alleged injury that occurred as a result of the alleged conspiratorial actions well before the seizure occurred on October 27, 2011. The Court finds that the statute of limitations bars Plaintiff from seeking damages for such actions via a Section 1983 claim.

7

### 3. Prosecutor Defendants Are Immune From Suit Under Section 1983

A prosecutor enjoys absolute immunity from Section 1983 claims when he "acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). District attorneys act in a prosecutorial capacity and are thus immune from suit when they are "preparing to prosecute [or are] prosecuting criminal violations." *Bishop Paiute Tribe v. Cnty. of Inyo*, 291 F.3d 549, 565 (9th Cir. 2002).

Plaintiff alleges that City of Oakland and County of Alameda prosecutors participated in the conspiracy by investigating and prosecuting her for violations of state criminal animal cruelty statutes. *See, e.g.*, SAC ¶¶ 173, 198-202. Plaintiff argues that County of Alameda Defendants and Oakland City Attorney Defendants are not protected by prosecutorial immunity because "the District Attorney was not acting in a purely prosecutorial capacity in this case at *any* time: it was simultaneously attempting to minimize the county's liability for Defendant FAMULENER's participation in the harassment campaign against Plaintiff and her participation in the illegal seizure." Dkt. 209 at 8. Leaving aside Plaintiff's unclear line of reasoning, there are no allegations supporting this argument in the SAC. Furthermore, the existence of prosecutorial immunity is not affected by the motive of the prosecutor in bringing the charges. *Imbler*, 424 U.S. at 427. The Court finds that Plaintiff's Section 1983 claims against the County of Alameda Defendants and the Oakland City Attorney Defendants must be dismissed because those parties are entitled to absolute prosecutorial immunity from Section 1983 claims based on the facts alleged in the SAC.

### 4. Plaintiff Fails To Allege Sufficient Facts To Demonstrate That Non-Profit Defendants Acted Under Color of State Law

Only those persons acting "under color of" state law are subject to Section 1983 liability. 42 U.S.C. § 1983. Under Ninth Circuit precedent, "absent some showing that a private party had some control over state officials' decision [to commit the challenged act], the private party did not proximately cause the injuries stemming from [the act]." *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986).

Non-Profit Defendants are private entities and individuals. *See, e.g.*, SAC ¶¶ 40, 42, 46,

8

1  50, 58. While Plaintiff alleges that certain East Bay SPCA Defendants participated along with the
2  Oakland Animal Services Defendants in the allegedly unlawful search and seizure, *see* SAC ¶ 161,
3  the SAC does not allege that any of the Non-Profit Defendants had "control" over the decision of
4  the OAS and OPD to execute the search warrant and seize Plaintiff's animals, or any other alleged
5  actions taken by state officials. The Court therefore finds that Plaintiff has not alleged sufficient
6  facts to state a claim for Section 1983 liability against Non-Profit Defendants.

### 5.   Plaintiff Fails To State Section 1983 *Monell* Claims

Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d at 581; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, plaintiffs must establish that "the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered." *Whitaker*, 486 F.3d at 581 (citations omitted). In order to state a Section 1983 claim against a municipal entity, a plaintiff must therefore plead four elements: 1) the plaintiff possesses a constitutional right of which he or she was deprived; 2) the municipality had a policy, custom, or practice; 3) the policy, custom, or practice amounts to deliberate indifference to the plaintiff's constitutional rights; and 4) the policy, custom, or practice was the moving force behind the constitutional violation. *See Plumeau v. Sch. Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). In order to survive a Rule 12(b)(6) challenge, *Monell* claims "must not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

The SAC contains formulaic allegations that, for example, the Oakland Police Department and Oakland Animal Services had a "custom, policy, or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens." SAC ¶ 201. But Plaintiff does not plead specific facts that support the existence of a custom, policy, or practice of the County of Alameda or the City of Oakland that exhibits deliberate indifference to Plaintiff's constitutional rights. The Court therefore finds that Plaintiff has failed

to state Section 1983 *Monell* claims against the County of Alameda and the City of Oakland.

### C. State Claims

All of Plaintiff's remaining claims are based upon state law. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford*, 625 F.3d at 561 (citations omitted). Because the Court has dismissed all of Plaintiff's federal Section 1983 claims, the Court declines to assert supplemental jurisdiction over her pendent state law claims and dismisses those claims without prejudice. 28 U.S.C. § 1367(c)(3); *Santos v. L.A. Cnty. Dep't of Children & Family Servs.*, 200 Fed. Appx. 681, 683 (9th Cir. 2006) (holding that district court acted within its discretion in declining to exercise supplemental jurisdiction over the pendent state law claims after granting motion to dismiss all federal claims).

### D. Leave to Amend

In its October 24, 2014 Order, the Court granted Plaintiff "one final opportunity" to amend her complaint to assert claims not barred by *Heck* and *Yount*. Dkt. 160. As described above, Plaintiff's amendments in her SAC did not cure the deficiencies in her FAC. The Court denies Plaintiff's request for further leave to amend because it is clear that any such amendment would be "futile." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049-50 (9th Cir. 2006). Plaintiff has been given multiple opportunities to cure the deficiencies in her complaint. Her latest attempt to amend confirms the futility of allowing further amendment, as none of the changes made appropriately responds to the Court's October 24, 2014 Order.[4]

---

[4] The Court also has reviewed Plaintiff's Third Amended Complaint ("TAC"), which she attempted to file without leave of court on January 30, 2015. *See* Dkt. 206. In the TAC, Plaintiff drops all but one of her state claims and condenses her Section 1983 causes of action down to four: "Conspiracy to Abuse Official Authority and to Threaten to Deprive of Constitutional

## III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the SAC are GRANTED WITHOUT LEAVE TO AMEND. Defendants' motions to strike are DENIED AS MOOT. Plaintiff may renew any Section 1983 claims not dismissed in sections II.B.2-5 of this Order and any accompanying state law claims in this Court only in the event her state criminal conviction for animal cruelty is invalidated. The clerk shall enter judgment and close the file. Both parties shall bear their own costs of suit.

**IT IS SO ORDERED.**

Dated: April 20, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

Rights"; "Illegal Seizure"; "Unreasonable Seizure"; and the *Monell* claim. Plaintiff also includes more factual allegations related to alleged conspiratorial actions taken during the twenty months leading up to the October 2011 seizure. None of these changes affects the Court's analysis above. The TAC therefore confirms the Court's conclusion that further amendment would be futile.